JOSEFA LORENZO FERREIRO, PETITIONER, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION, RESPONDENT.

The petitioner, Josefa Lorenzo Ferreiro, has filed a form of petition for compensation, in behalf of herself, and two minor children, each dependents of Francisco Lorenzo Ferreiro, who was employed in his lifetime by the respondent, at Englewood, New Jersey.

The petitioner is the widow of the above-named Francisco Lorenzo Ferreiro, and was born on October 16th, 1894. There were two children born of the marriage, Carmen Lorenzo Ferreiro, born on February 26th, 1917, and Josefa Lorenzo Ferreiro, born on March 2d, 1923.

The decedent was employed by the respondent as a laborer, and on August 27th, 1927, while so employed, and while assisting in the connection of gas pipes, the decedent was overcome by leaking gas and died as a result thereof.

The petition was heard by me, and testimony was given in behalf of the petitioner and in behalf of the respondent. After examining the entire testimony and the proofs offered by both the petitioner and the respondent, I am satisfied that the petitioner and the two minor children aforesaid were dependent of the decedent during his lifetime, and at the time of his death, and that the petitioner was receiving regular sums of money for her support and maintenance, and that of their children from the decedent.

After hearing the testimony offered on behalf of the petitioner and the respondent there appear but two questions to

be determined by me. First, as to whether or not the accident arose in the course of, and during the scope of decedent's employment, and secondly, as to the cause of death of the decedent. As to the first I find that the decedent met his death in an accident arising out of the course of his employment, and during the scope thereof. Testimony was offered on behalf of the petitioner, and on behalf of the respondent, as to whether or not the decedent was instructed to connect or not to connect a certain pipe, from which gas leaked, and which it was alleged caused the decedent's death. From the examination of the entire testimony, I find that the foreman employed by the respondent on this particular work did not give the decedent an unequivocal command not to make any connection of those pipes during his absence, but that he said, as by certain statements entered in evidence by the respondent, that the foreman said something about not trying to make the connections. It is established by the witnesses that the foreman was continually assisted in making the connections by laborers, and that what the decedent was doing at the time preceding his death was in accordance with his employment. Two statements were taken by the respondent of the witness produced by the petitioner, which statements were taken within several days of each other, and that in both of these statements the word try is used with reference to the connecting of the pipes. I am satisfied from all of the testimony that the decedent met his death during the course of his employment, and out of the scope thereof.

As to the second question, I am satisfied that the decedent met his death as result of being asphyxiated by leaking gas from the pipes, which he was connecting, because from the position of his body, with reference to the pipes, and from the inferences that are drawn from the testimony, and the previous good health of the decedent, it is my conclusion that the decedent met his death by asphyxiation.

\*　　　\*　　　\*　.　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commisioner.*